IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHARON EPPS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 12-2844-STA-cgc |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant United States of America's ("United States") Motion and Memorandum in Support of Dismissal (D.E. # 6) filed December 7, 2012. Plaintiff Sharon Epps ("Epps") filed a Response (D.E. # 8) on March 1, 2013. For the reasons set out below, the Court **GRANTS** the United States' Motion to Dismiss.

**BACKGROUND**

The following well-pleaded allegations appear on the face of Epps' Complaint.[1] On October 27, 2011, Epps visited the Veterans Affairs hospital located at 1060 Jefferson Avenue, Memphis, Tennessee. (Compl. at 1.) While Epps was in the hospital parking lot, an unnamed person ("Doe") drove a golf cart into Epps twice. (*Id.*) Doe operated the golf cart for the benefit of and with the permission of the hospital. (*Id.*) As a result of the collisions, Epps suffered various injuries. (*Id.* at 2.)

---

[1] For purposes of establishing the factual predicates of Epps' claims on a motion to dismiss under Rule 12(b)(6), the Court will take the well-pleaded allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

The following facts appear in the public record.[2]  Epps submitted a Claim for Damages with the Office of General Counsel for Veterans Administration on March 2, 2012.  (Claim for Damages at 1, D.E. # 6-2.)  Epps filed for protection under Chapter 13 of the United States Bankruptcy Code on October 8, 2012.  (Bankr. Pet. at 1, D.E. # 6-1.)  As part of her bankruptcy filings, Epps completed a form titled "Schedule B – Personal Property."  (*Id.* at 9.)  Under the heading "21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims[,]" Epps indicated she had no assets of this nature.  (*Id.* at 10.)  The Bankruptcy Court for the Western District of Tennessee, relying in part on this schedule, ordered payments to fund Epps' bankruptcy plan.  (Order to Fund Plan at 1, D.E. # 6-4).

Epps commenced the instant suit on September 26, 2012 by filing a Complaint in this Court, alleging a cause of action for negligence on the part of the United States and Doe.  (Compl. at 3).  The United States filed a Motion to Dismiss on December 7, 2012, arguing that due to Epps' status as a Chapter 13 debtor in bankruptcy she lacks standing to pursue this claim.  (Mot. and Mem. in Sup't Dism. at 1, D.E. #6.)  The United States further argues Epps' filings in Bankruptcy Court judicially estop her from pursuing this claim.  (*Id.*)  Epps filed a Response on March 1, 2013, contending she does retain standing to pursue this claim, but conceding her

---

[2] Although the United States moves the Court pursuant to Rule 12(b)(6), an attack on a plaintiff's standing to litigate a case is properly brought under Rule 12(b)(1) as a challenge to the Court's jurisdiction.  As this is a factual challenge, the Court will consider and weigh evidence outside the pleadings to resolve issues relating to Epps' standing.  *DLX, Inc. v. Ky.*, 381 F.3d 511, 516 (6th Cir. 2004).  Further, when deciding a motion to dismiss under Rule 12(b)(6), a court may consider public records as an exception to the general rule that it may not consider matters outside the pleadings unless it converts the motion to dismiss to one for summary judgment.  *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

representations to the Bankruptcy Court judicially estop her from pursuing the claim. (Resp. to Mot. to Dism. at 1, D.E. # 8.)

## STANDARD OF REVIEW

Standing is "the threshold question in every federal case."[3] The standing requirement limits federal court jurisdiction to actual cases and controversies so the judicial process is not transformed into "a vehicle for the vindication of the value interests of concerned bystanders."[4] When a defendant challenges a plaintiff's standing to bring suit, the Court should first consider whether it has jurisdiction pursuant to Rule 12(b)(1) before it considers the substantive merits of a pleading pursuant to Rule 12(b)(6).[5] The plaintiff has the burden of proving jurisdiction in order to survive a motion under Rule 12(b)(1) and must plead the elements of standing with specificity.[6] A motion under Rule 12(b)(1) can either challenge the Court's jurisdiction facially or factually.[7] Where a motion challenges the Court's jurisdiction facially, the Court must consider all of the allegations in the complaint as true.[8] Where a motion challenges the factual basis for the Court's jurisdiction, the Court may consider and weigh evidence outside the pleadings to resolve factual disputes.[9]

---

[3] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

[4] *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)).

[5] *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002).

[6] *Coal Operators*, 291 F.3d at 916; *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

[7] *DLX, Inc. v. Ky.*, 381 F.3d 511, 516 (6th Cir. 2004).

[8] *Id.*

[9] *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted."[10] When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations in the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[11] However, the Court will not accept legal conclusions or unwarranted factual inferences as true.[12] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[13] The Court may also consider documents attached to the motion to dismiss "if they are referred to in the complaint and are central to the plaintiff's claim,"[14] as well as public records, matters appropriate for judicial notice, and letter decisions of governmental agencies.[15]

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16] Although this standard does not require "detailed factual allegations," it does require more than "labels and

---

[10] Fed. R. Civ. P. 12(b)(6).

[11] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[12] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[13] *Wittsock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[14] *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)).

[15] *Jackson*, 194 F.3d at 745 (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1544 (6th Cir. 1997); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996); *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1197 (3rd Cir. 1993)).

[16] Fed. R. Civ. P. 8(a)(2).

conclusions" or "a formulaic recitation of the elements of a cause of action."[17] In order to survive a motion to dismiss, the plaintiff must allege facts, if accepted as true, sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

## ANALYSIS

Because standing is a threshold question,[20] the Court must examine this issue before turning to the United States' affirmative defense of judicial estoppel. The United States moves the Court pursuant to Rule 12(b)(6). A challenge to the plaintiff's standing goes to the Court's subject-matter jurisdiction.[21] Therefore, such challenges are properly before the Court on a motion pursuant to Rule 12(b)(1).[22] However, since the Court not only has the ability but the duty to raise jurisdictional issues *sua sponte*, the precise form of the United States' Motion is immaterial.[23] The Court will treat the United States' Motion as under Rule 12(b)(1) with respect

---

[17] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[18] *Twombly*, 550 U.S. at 555, 570.

[19] *Iqbal*, 556 U.S. at 678.

[20] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

[21] *Flast v. Cohen*, 392 U.S. 83, 99 (1968).

[22] *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002).

[23] *Cmty. First Bank v. Nat. Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994).

to the issue of standing. As the United States' Motion constitutes a factual challenge to the Court's jurisdiction, the Court will consider and weigh evidence outside the pleadings.[24]

The commencement of a bankruptcy case creates an estate comprised in part of and with limited exceptions "all legal or equitable interests of the debtor in property as of the commencement of the case."[25] It is well-settled that causes of action accruing before commencement of the bankruptcy case are property under the meaning of § 541 and become property of the estate by the operation of law.[26] When the bankruptcy estate is part of a Chapter 7 case, it is clear the bankruptcy trustee has the sole power to pursue prepetition claims.[27] However, it is not as clear whether the trustee's exclusive standing extends to prepetition claims in a Chapter 13 case.[28] Section 1302 of the Bankruptcy Code instructs the trustee in a Chapter 13 case to "perform the duties specified in sections 704(a)(2), 704(a)(3), 704(a)(4), 704(a)(5), 704(a)(6), 704(a)(7), and 704(a)(9)."[29] Notably absent from this list is the duty of a trustee in a Chapter 7 case to "collect and reduce to money the property of the estate for which such trustee serves[.]"[30] In contrast, § 1306 provides "[T]he [Chapter 13] debtor shall remain in possession

---

[24] *DLX, Inc. v. Ky.*, 381 F.3d 511, 516 (6th Cir. 2004).

[25] 11 U.S.C. § 541(a)(1).

[26] *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) (citing *Gochenour v. Cleveland Terminals Bldg. Co.*, 118 F.2d 89, 93 (6th Cir. 1941)); *In re Ozark Rest. Equip, Co.*, 816 F.2d 1222, 1225 (8th Cir. 1987).

[27] *Bauer*, 859 F.2d 441 (holding a Chapter 7 debtor lacks standing to pursue causes of action that are property of the bankruptcy estate).

[28] *See Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008).

[29] 11 U.S.C. § 1302(b)(1).

[30] 11 U.S.C. § 704(a)(1).

of all property of the estate."[31] Distinguishing a Chapter 13 debtor further from a Chapter 7 debtor, § 1303 grants the Chapter 13 debtor many of the same powers to dispose of property typically vested in a Chapter 7 trustee, including the power to "use, sell, or lease . . . property of the estate."[32]

Although the Sixth Circuit has not spoken directly to the issue, this Court held in *Clarke v. United Parcel Serv., Inc.* that a Chapter 13 debtor has standing to pursue claims that are property of the bankruptcy estate.[33] A review of the Circuit Courts of Appeals that have examined the issue shows they unanimously conclude a Chapter 13 debtor in bankruptcy retains standing to pursue legal claims that are property of the estate.[34] The Seventh Circuit reasoned "[i]t would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate."[35] The Second Circuit examined legislative history to note

> Section 1303 ... specifies rights and powers that the debtor has exclusive of the trustees. The section does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although Section [323] is not

---

[31] 11 U.S.C. § 1306(b).

[32] 11 U.S.C. § 1303 (incorporating 11 U.S.C. § 363(b)(1) by reference).

[33] *Clarke v. United Parcel Serv., Inc.*, 421 B.R. 436, 443 (W.D. Tenn. 2010) (Anderson, J.) (citing *Johnson v. Interstate Brands Corp.*, No. 9702227B, 2008 WL 152895, at *5) (W.D. Tenn. Jan. 14, 2008) (Breen, J.) (distinguishing *Bauer*, 859 F.2d at 441 as dealing with a Chapter 7 debtor); *see also Paris v. Sansom*, No. 1:06-CV-98, 2007 WL 1345368, at *4 (E.D. Tenn. May 7, 2007).

[34] *See, e.g., Ponton v. AFSCME*, 395 F. App'x 867, 871 n.2 (3d Cir. 2010); *Rockett*, 522 F.3d at 1081; *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1330 n.2 (11th Cir. 2004); *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998).

[35] *Cable*, 200 F.3d at 473.

specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued.[36]

The Court finds this weight of authority and the reasoning underlying it persuasive. The Court notes the Sixth Circuit's holding in *Bauer* seems to foreclose the conclusion that a debtor in bankruptcy has standing to pursue prepetition claims.[37] However, *Bauer* dealt with a Chapter 7 debtor rather than a Chapter 13 debtor.[38] Due to the significant differences in the relative powers and responsibilities of the trustee and debtor under these chapters, the Court determines the instant case is distinguishable. Therefore, the Court holds Epps' retains standing to pursue this prepetition claim.

Turning to the United States' second argument, the Court finds Epps' representations to the Bankruptcy Court judicially estop her from pursuing her claim in this Court. Section 521 of the Bankruptcy Code mandates the debtor must "file . . . unless the court orders otherwise . . . a schedule of assets and liabilities[.]"[39] "[I]t is well-settled that a legal cause of action is an asset that must be listed."[40] Epps filed a § 521 schedule with the Bankruptcy Court, but failed to include her claims against the United States.[41]

---

[36] *Olick*, 145 F.3d 516 (quoting 124 Cong. Rec. H. 11, 106 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); S. 17,423 (daily ed. Oct. 5, 1978) (remarks of Sen. DeConcini)).

[37] *Bauer*, 859 F.2d at 441.

[38] *Id.* at 439.

[39] 11 U.S.C. § 521(a)(1)(B)(i).

[40] *Swanigan v. Nw. Airlines, Inc.*, 718 F. Supp. 2d 917, 923 (W.D. Tenn. 2010) (Donald, J.) (citing *Lewis v. Weyerhauser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005)).

[41] Bankr. Pet. at 9.

"[J]udicial estoppel bars a party from asserting a position that is contrary to the one the party has asserted under oath in a prior proceeding[.]"[42] In the context of an omitted claim on a § 521 schedule, to apply the doctrine of judicial estoppel a court in the Sixth Circuit must find:

> (1) [the debtor] assumed a position that was contrary to the one that . . . asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the debtor's omission did not result from mistake or inadvertence.[43]

To determine whether the debtor's omission resulted from mistake or inadvertence, the court must consider whether "(1) [the debtor] lacked knowledge of the factual basis of the undisclosed claims; (2) [the debtor] had a motive for concealment; and (3) the evidence indicates an absence of bad faith."[44]

The Court finds a lengthy exposition of the factors supporting a finding of judicial estoppel unnecessary in the instant matter. The United States presents the Court with a filing representing to the Bankruptcy Court Epps had no pending legal claims.[45] This cause of action accrued before the petition date.[46] The Bankruptcy Court relied in part on this filing in confirming Epps' Chapter 13 plan.[47] Epps knew of her pending claim when she made this

---

[42] *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

[43] *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 426 (6th Cir. 2005) ("It is

[44] *Id.*

[45] Bankr. Pet. at 9.

[46] *See Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009) (Under the FTCA "[T]he 'general rule' is that 'a tort claim accrues at the time of the plaintiff's injury[.]'") (quoting *United States v. Kubrick*, 444 U.S. 111, 120 (1979))

[47] Order to Fund Plan at 1. *See Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988) ("[W]hen a bankruptcy court . . . approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient "judicial acceptance" to estop the party from later advancing an inconsistent position.")

9

filing.[48] Courts presume a debtor in bankruptcy has a motive to conceal assets.[49] Neither party introduces evidence as any absence of bad faith on Epps' part. Most importantly, Epps concedes her failure to disclose her claim in her filings with the Bankruptcy Court judicially estops her from asserting it here. Therefore, the Court hereby **GRANTS** the United States' Motion to Dismiss.

## **CONCLUSION**

The Court finds that Epps, as a Chapter 13 debtor in bankruptcy, has standing to pursue this prepetition claim. However, Epps' failure to disclose this claim in her filings with the Bankruptcy Court judicially estops her from asserting it in this Court. Therefore, the Court **GRANTS** the United States' Motion to Dismiss.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 27, 2013.

---

[48] Claim for Damages at 1-2. Even without proof of Epps' knowledge on March 2, 2012, the Court notes Epps surely knew of her claim when she filed this lawsuit on September 26, 2012, twelve days before commencing her bankruptcy case.

[49] *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 426 (6th Cir. 2005) ("It is always in a Chapter 13 petitioner's interest to minimize income and assets.")